# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

FLB, LLC, & FRANCINE BERGAMI, *Administrator of the Estate of Ronald Bergami*,

        Plaintiffs,   DECISION AND ORDER

     -vs-         06-CV-6463 -CJS-MWP

5LINX & CRAIG J. JERABECK,

        Defendants.

---

## APPEARANCES

| | |
|---|---|
| For Plaintiffs: | Eddi Z. Zyko, Esq.<br>120 Fenn Road<br>Middlebury, CT 06762-2515<br>(203) 758-8119 |
| | Jules L. Smith, Esq.<br>Blitman & King<br>16 West Main Street, Suite 207<br>Rochester, NY 14614<br>(585) 232-5600 |
| For Defendant 5Linx: | Ellen J. Coyne, Esq.<br>31 East Main Street, Suite 2000<br>Rochester, NY 14614<br>(585) 563-2121 |
| For Defendant Jerabeck: | Paul R. Braunsdorf, Esq.<br>Harris Beach LLP<br>99 Garnsey Road<br>Pittsford, NY 14534<br>(585) 419-8603 |

## INTRODUCTION

  **Siragusa, J.** This diversity case alleges causes of action sounding primarily in fraud. It is currently before the Court on Defendant Craig J. Jerabeck's ("Jerabeck") motion

(Docket No. 15) for summary judgment. For the reasons stated below, Jerabeck's application is denied.

## BACKGROUND

Plaintiffs filed their complaint on September 15, 2006, originally naming four defendants, including @Wireless Enterprises, Inc. ("@Wireless") and Cellco Partnership doing business as Verizon Wireless and Verizon Trademark Services LLC. On November 16, 2006, the parties stipulated to the dismissal of Cellco Partnership doing business as Verizon Wireless and Verizon Trademark Services LLC. (Docket No. 5.) Then, on January 29, 2008, Plaintiffs filed a notice of voluntary dismissal with regard to @Wireless.[1] Accordingly, the remaining defendants are 5LINX and Jerabeck.

## ANALYSIS

Construing Plaintiffs' complaint, the Court finds that they are attempting to hold Jerabeck liable for the actions of @Wireless by "piercing the corporate veil." In support of his motion for summary judgment, Jerabeck submitted admissible proof in evidentiary form, by way of an affidavit, to show that he was separate from @Wireless and that there was, therefore, no basis for holding him personally liable. In opposition to Jerabeck's application, Plaintiffs write, "[p]ursuant to FRCP 56(f)(2) and *Celotex Corp v. Catrett, Administratrix of the Estate of Catrett*, 477 U.S. 317, 326, plaintiffs hereby move te Court to permit discovery, including depositions, prior to responding thereto." (Pl.'s Mem. of Law, Docket No. 28-2, at 2.)

---

[1] Based upon this voluntary dismissal, the two motions filed by @Wireless (Docket No. 16 & 17) to compel arbitration have been rendered moot. U.S. Const. art. III, § 2.

In this diversity case, there is no dispute that New York Law applies. As to piercing the corporate veil,

> New York law allows courts to pierce the corporate veil either where a fraud has been committed, or where the corporation has been so dominated by an individual or corporate parent that the subsidiary is relegated to the status of a mere shell, instrumentality, or alter ego. *See Passalacqua*, 933 F.2d at 138; *Carte Blanche*, 2 F.3d at 25 (courts may pierce veil in one of two circumstances: "to prevent fraud or other wrong, or where a parent dominates and controls a subsidiary."); *Itel Containers Int'l Corp. v. Atlanttrafik Exp. Serv. Ltd.*, 909 F.2d 698, 703 (2d Cir.1990) ("New York law allows the corporate veil to be pierced *either* when there is fraud *or* when the corporation has been used as an alter ego.") (emphasis in original); *Gartner*, 607 F.2d at 586 ("Because New York courts disregard corporate form reluctantly, they do so only when the form has been used to achieve fraud, or when the corporation has been so dominated by an individual or another corporation ..., and its separate identity so disregarded, that it primarily transacted the dominator's business rather than its own and can be called the other's alter ego.").

*Wausau Business Ins. Co. v. Turner Const. Co.*, 141 F. Supp. 2d 412, 417-18 (S.D.N.Y. 2001). Therefore, under New York law, the corporate veil may be pierced either by establishing fraud, or by establishing that the corporation has been used as an alter ego. In this regard, in their complaint, Plaintiffs state, "[i]t was clear to Ron[2] from his interactions with Jerabeck, including not mentioning he was the President of @Wireless at that time, that he was dealing with Jerabech, personally, and Jerabeck was the business opportunity with whom he was joining." (Compl. ¶ 13(a); *see also* Compl. ¶¶ 14-15.)

Here, no discovery has been conducted. The Second Circuit has cautioned that "'[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.'" *Trammell v. Keane*, 338 F.3d

---

[2]Ron Bergami was the principal for FLB, LLC. He is deceased and represented in this litigation by his wife, Francine Bergami, who is the administrator of Ron's estate.

155, 161 n.2 (2d Cir. 2003) (quoting *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000)).  The Court concludes that this is not the rarest of cases and that discovery may result in evidentiary proof in support of Plaintiffs' theory that the corporate veil should be pierced.

## CONCLUSION

For all of the foregoing reasons, Defendants' application is denied.

IT IS SO ORDERED.

Dated:   August 19, 2008
         Rochester, NY

   ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge